UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI E. MOJADDIDI,<br><br>    Plaintiff,<br><br>   v.<br><br>GUSTAVO DIVENCENZO, et al.,<br><br>    Defendants. | No. 2:16-cv-1388-JAM-KJN (PS)<br><br><br><br>ORDER |

Presently pending before the court is plaintiff Naomi E. Mojaddidi's self-styled "opposition to defendants' motion to compel plaintiff to any further arbitration hearings," which is properly understood as a motion to lift stay.[1]  (ECF No. 16.)  On April 27, 2017, the court took this matter under submission on the briefs without oral argument, pursuant to Local Rule 230(g).  (ECF No. 18).  Defendants filed an opposition and plaintiff replied.  (ECF Nos. 21, 22.)  The undersigned has fully considered the parties' briefs and appropriate portions of the record.  For the reasons that follow, plaintiff's motion to lift stay is DENIED.

I.   Background

Plaintiff, who proceeds without counsel, filed this action on June 21, 2016, against her

---

[1] Defendants have not filed a motion to compel.  Further, as explained below, this case has been stayed pending binding arbitration (ECF No. 15 at 3.), and the clear intent of plaintiff's filing is to lift the stay and avoid arbitration.  (See ECF No. 16 at 1–2.)

1

employer Olive Garden Italian Restaurant, and other employees, raising various employment-related claims.  (ECF No. 1.)  On November 4, 2016, the parties stipulated that this matter "will proceed in accordance with Defendant's [Dispute Resolution Process ("DRP")]," which includes binding arbitration.[2]  (ECF No. 14 at 2.)  Pursuant to the parties' stipulation, Judge John A. Mendez stayed the case and ordered the parties into binding arbitration.  (ECF No. 15 at 3.)  The parties were further ordered to file a joint status conference report, no later than May 8, 2017 (Id.), which they have failed to do.  Rather, each filed an individual status report, indicating that they had reached an impasse during the mediation portion of the DRP.  (See ECF Nos. 17, 19.)

II.     Plaintiff's Motion to Lift Stay

On April 26, 2017, plaintiff brought the present motion, asserting that the arbitration provision in the DRP "is procedurally and substantively unconscionable under well-settled California law."  (ECF No. 16 at 2.)  First, plaintiff argues that the arbitration clause is procedurally unconscionable because it is a contract of adhesion that she had to sign, without adequate time to review, as a condition of employment and because defendant failed to provide her with copies of the rules of the American Arbitration Association ("AAA").  (ECF No. 16 at 5–7.)  Second, plaintiff argues that the clause is substantively unconscionable because it restricts her right to discovery and because it imposes burdens on her to pay the arbitration fees.  (Id. at 9–10.)[3]

III.    Legal Standards

"[T]he federal law of arbitrability under the Federal Arbitration Act ("FAA") governs the allocation of authority between courts and arbitrators."  Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008) (citing Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d

---

[2] The DRP is a four step process:  (1) Open Door Policy; (2) Peer Review; (3) Mediation; and (4) Arbitration.  (See ECF 21-1 at 27.)

[3] Plaintiff also argues for the first time in her reply brief that defendant's "promise to arbitrate is illusory," preventing contract formation.  (ECF No. 22 at 6.)  The undersigned declines to consider this argument, as it was not previously raised.  See United States v. Wright, 215 F.3d 1020, 1030 n.3 (9th Cir. 2000) (declining to consider arguments raised for the first time in a reply brief).  Still, this argument is suspect on its face since, as explained below, courts have enforced binding arbitration pursuant to this same DRP against other plaintiffs.

1126, 1131 (9th Cir.2000)). "[T]he FAA limits courts' involvement to determining '(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'"[4] Id.; see Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002). If a valid agreement exists, "the FAA specifically directs federal district courts to stay proceedings and compel arbitration of 'any issue referable to arbitration under an agreement in writing for such arbitration.'" Ziober v. BLB Res., Inc., 839 F.3d 814, 817 (9th Cir. 2016), cert. denied, No. 16-1269, 2017 WL 1437638 (U.S. June 19, 2017) (quoting 9 U.S.C. § 3).

"[A] party may challenge the validity or applicability of [an] arbitration provision by raising the same defenses 'available to a party seeking to avoid the enforcement of any contract'" under the applicable state law. Cox, 533 F.3d at 1121 (citations omitted).

"Under California law, a contractual provision is unenforceable if it is both procedurally and substantively unconscionable." Kilgore v. KeyBank, Nat. Ass'n, 718 F.3d 1052, 1058 (9th Cir. 2013) (citing Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal.4th 83, 114 (2000)). "The more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." Id. At the same time, this doctrine does not apply to arbitration clauses in all instances. The Supreme Court has held that the FAA preempts state law doctrines that "prohibit[] outright the arbitration of a particular type of claim . . . [or] rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 341 (2011) (citations omitted).

IV.   Discussion

As an initial matter, plaintiff's arguments are undermined by the fact that she stipulated to staying this matter and to proceeding under the DRP. (See ECF Nos. 14, 15.) Moreover, after stipulating, plaintiff actively engaged in mediation—step 3 of the DRP—until an impasse was reached. (See ECF No. 17.) It was not until after this impasse that plaintiff asserted that she "has

---

[4] Here, only the first question—whether the arbitration agreement is valid—is at issue. Defendant does not dispute whether the underlying claims in her complaint are encompassed by the arbitration agreement. Rather, her entire argument rests on the assertion that the agreement is unconscionable and therefore, unenforceable. (See ECF No. 16.)

since learned that the Arbitration proceeding[s] are not binding, unconstitutional, and . . . filed a motion with the Court . . . requesting termination of all future arbitration hearings." (Id. at 1–2.) Plaintiff does not address whether her stipulation before the court, which adopted the DRP, was somehow unconscionable.  Neither does she address whether her acquiescence to the DRP constitutes a waiver of any challenge she may have raised, prior to her stipulation and subsequent actions in furtherance of the DRP.

Assuming, without deciding, that plaintiff did not waive her right to challenge the DRP, her arguments fail on the merits.  The DRP is not unconscionable under California law.  First, the California Supreme Court held that an arbitration agreement "offered on a take-it-or-leave-it basis," as a condition of employment, is not procedurally unconscionable.  Baltazar v. Forever 21, Inc., 62 Cal. 4th 1237, 1245 (2016).  Similarly, the California Supreme Court determined that failure to provide an employee with a copy of the AAA rules referenced by, and governing, an arbitration agreement does not constitute procedural unconscionability.  Id. at 1246 ("[Plaintiff's] argument . . . might have force if her unconscionability challenge concerned some element of the AAA rules of which she had been unaware when she signed the arbitration agreement.  But her challenge to the enforcement of the agreement has nothing to do with the AAA rules; her challenge concerns only matters that were clearly delineated in the agreement she signed. [Defendant's] failure to attach the AAA rules therefore does not affect our consideration of [plaintiff's] claims of substantive unconscionability.").

Second, the DRP's purported limits on discovery are not substantively unconscionable. Even assuming that such an agreement is unconscionable under California law, the Unites States Supreme Court has held that the FAA preempts state law on this issue.  See AT&T Mobility LLC, 563 U.S. at 341–42 ("[A] court may not rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable . . . An obvious illustration of this point would be a case finding unconscionable or unenforceable as against public policy consumer arbitration agreements that fail to provide for judicially monitored discovery." (internal citations and quotation marks omitted)).  Additionally, plaintiff's argument that the DRP imposes substantively unconscionably burdens on her to pay the arbitration fees is

4

unfounded.  The DRP explicitly provides that "[t]he Company [i.e. defendants] will pay the arbitrator's fees and expenses, any costs for the hearing facility, and any costs of the arbitration service."  (ECF No. 21-1 at 32.)

Third, as defendants' point out, this same DRP has previously been enforced by the United States District Court, Central District of California. (ECF No. 21 at 8 n.5.)  See Filiberto Martinez v. Darden Restaurants, Inc. et al., 2:15-cv-03434-GW-GJS (ECF No. 25); Claudia Garcia v. GMRI Inc. et al., 2:12-cv-10152-DMG-PLA (ECF No. 23).

V.    Conclusion

For the reasons discussed above, plaintiff has failed to support her motion to lift the stay and to end the arbitration to which she stipulated.  Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to lift stay (ECF No. 16) is DENIED.
2. This matter remains STAYED, pending resolution of binding arbitration in accordance with GMRI, Inc.'s Dispute Resolution Process, as outlined in the court's November 8, 2016 order.  (ECF No. 15.)
3. The parties shall file a joint status report within six months of the date of this order.

IT IS SO ORDERED.

Dated:  July 25, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14 / ps.16-1388.mojaddidi.order re lifting stay